**UNITED STATES of America**

v.

**Walter Ernest COLE, Jr.**

**Cr. No. 1551.**

United States District Court
W. D. North Carolina,
Charlotte Division.

May 8, 1962.

William Medford, U. S. Atty., Robert J. Robinson, Asst. U. S. Atty., Asheville, N. C., for United States.

John Haworth, High Point, N. C., for defendant.

WARLICK, Chief Judge.

This is a criminal action wherein the defendant is charged under a bill of indictment with having wilfully refused to be inducted into the Armed Forces of the United States when so ordered by the Commanding Officer of the Armed Forces Induction Center, in violation of 50 U.S.C.A.Appendix, § 462. By execution of written waiver of jury trial by the defendant, the case under the defendant's plea of not guilty was accordingly heard by the Court without a jury; and upon stipulations entered, the matter was submitted for the verdict on briefs.

Concluding from a study of the record under the evidence offered, that the defendant is guilty as charged, the following Findings of Fact and Conclusions of Law are made:

The defendant was born December 1, 1936, in Forsyth County, North Carolina. His parents are members of the Church of Christ, his Father being a Minister, and the defendant was baptised in that faith in June, 1950.

In March, 1957, defendant received a Selective Service Questionnaire, which he returned to his Local Board (No. 34, Forsyth County, North Carolina) on April 4, 1957. In that questionnaire he requested an exemption from service on the ground that he was a conscientious objector. Upon his request he was furnished, and he subsequently filled out, the SSS Form 150 for Conscientious Objectors, in which he claimed exemption from both combatant and non combatant training and service in the Armed Forces by reason of his religious beliefs as a member of the Church of Christ.

On September 23, 1958, defendant was classified 1-A by the Local Board and he appealed, requesting reclassification to 1-O, the conscientious objector classification, and on October 2, 1958, he requested permission to appear before the Local Board. This permission being granted, he appeared before the Local Board on November 10, 1958, at which time he was granted the privilege of submitting a prepared statement. This statement, which appears as part of Item 13 of his Selective Service Cover Sheet, stated in substance that defendant had been a member of the Church of Christ for eight (8) years and in that time he had tried to live in accordance with the teachings of the New Testament; that from studying the New Testament he had become convinced that it is wrong to participate in or in any way aid and abet in carnal warfare. In addition, he quoted from the Tenth Chapter, Second Corinthians, from the Sermon on the Mount, and repeated the Commandment, "Thou shalt not kill," found in many parts of the Bible. In addition, several questions were posed to him by the Board, which were as follows:

"Board: Have you ever read the Old Testament?

"Registrant: Well—yes, we look on it as history, prophesy of the past. It has been fulfilled. The New Testament rules the present day.

"Board: Should an attack be made on this country and on your own home, what would you do?

"Registrant: Registrant read I Corinthians, Chap. 10, Verse 13. (The Board asked the registrant again what he would do.)

"Registrant: I would try to do the right thing.—Pray and wait is about all I could do.

"Board: How do you feel about all your ancestors have done for you? How do you feel about that? Have any of your people ever served in the Service to save this country?

"Registrant: Some of them did long ago.

"Board: Do you vote?

"Registrant: No. I take no part in politics.

"Board: Do you feel in need of protection by the City, State and Federal Government?

"Registrant: I feel that the Lord will take care of me. I have never called for protection.

"Board: Do all members of the Church take the same position as you?

"Registrant: More or less all do, I would say 99% do.

"Board: What is the size of your congregation?

"Registrant: About 265 to 300.

"Board: You are taking only a small part of the Constitution as you take parts of the New Testament since you do not vote. Would you serve in the Hospital Corps of the Armed Forces?

"Registrant: It would be too much of a temptation. I expect to serve two years, but not in the Army.

"Board: Do you believe in self-preservation?

"Registrant: I do not understand what you mean. (The Board explained it meant protecting one's self.)

"The Registrant stated that he did not know.

"Board: Did I understand you correctly to say that you wouldn't object to going if you did not have to carry arms?

"Registrant: No, I wouldn't object."

At the close of this appearance, the Board classified defendant 1–A–O by a 3–0 vote. Such a classification qualifies a registrant for service but restricts his service to a noncombatant duty.

From this classification defendant appealed requesting again a 1–O classification. Accordingly, the file was forwarded to the Appeal Board for the Middle Federal Judicial District of North Carolina. After a tentative examination of the file by the Appeal Board, it was referred to the Department of Justice for an advisory recommendation. After inquiry by a Hearing Officer for the Department of Justice, his recommendation was to the effect that defendant's claim be sustained as to combatant military training and service only. The Department of Justice, being of the opinion that defendant had freely indicated that he had no objection to accepting noncombatant service, concurred in the Hearing Officer's findings and recommended to the Appeal Board that the defendant be classified 1–A–O. This recommendation being made on January 12, 1960, the file was, therefore, returned to the Appeal Board, and on February 23, 1960, by a 4–0 vote, defendant was continued in class 1–A–O.

After this decision, he requested Local Board 34 to reopen the matter; however, on April 15, 1960, this was denied.

On April 28, 1960, National Headquarters of the Selective Service System requested a review of the file and it was accordingly forwarded to National Headquarters, and on May 11, an appeal was taken by the Director to the President.

On August 5, 1960, the National Selective Service Appeal Board, by vote of 3–0 continued the defendant in Class 1–A–O.

On September 6, 1960, defendant was mailed his Order to Report for Induction, Selective Service System Form 252, which ordered him to report to the Local Board on September 26, 1960, for forwarding to the induction station. Defendant reported to the Local Board as directed on September 26, 1960, thence to the Induction Center at Charlotte, North Carolina, where, after undergoing preliminary processing, he refused to submit to induction, and wilfully failed and refused to step forward and be accordingly inducted into the Armed Forces of the United States. At that time he filed a statement to the effect that he was a conscientious objector and, therefore, could not allow himself to be inducted into the Armed Forces.

I conclude as a matter of law:

That Local Board 34 and subsequent Appeal Boards afforded defendant every procedural right provided by law and that his rights in no manner have been denied.

That there was a clear basis in fact for the classification given defendant by the Local Board, Appeal Board, and National Selective Service Appeal Board of 1–A–O as a person available for noncombatant military service rather than 1–O as a person conscientiously opposed to military service of any kind.

That beyond a reasonable doubt the defendant is guilty of violation of 50 U.S.C.A.Appendix, § 462, and he will appear before the Court at such time and place as is later determined to the end that judgment be pronounced and a final determination had.